No. 25,365.

S. E. KINNEY et al., *Appellees*, v. W. B. VARNES et al., *Appellants*.

SYLLABUS BY THE COURT.

CONTRACT—*Drilling Oil and Gas Wells—Interpretation of Contract—Termination of Contract—Payment of Rents.* The provisions of an oil and gas lease interpreted, and held to require payment of rent to the end of the term, notwithstanding the stipulated number of wells was drilled, because the wells were not drilled within stipulated periods.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 5, 1924. Affirmed.

*T. S. Salathiel,* of Independence, for the appellants.

*Thurman Hill,* of Independence, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to cancel an oil and gas lease for failure to drill a specified number of wells within specified periods of time, and for failure to pay rent. The court denied cancellation because the wells had been drilled, but gave judgment for rent because the wells were not drilled in time. Defendants appeal.

The pertinent provisions of the lease follow:

"The said second parties further agree to pay the said first parties the sum of $160 per year rental for said rights, semiannually in advance, for year ending February 18, 1917, and for year ending February 18, 1918; unless they shall drill three (3) wells on or before the year ending February 18, 1918; and for the year ending February 18, 1919, unless they shall drill three (3) additional wells on or before the 18th day of February, 1919;

"It being understood and agreed by and between the parties hereto that the said rental may be abated for the year ending February 18, 1918, by the completion of three (3) wells, as aforesaid, and abated for the year ending February 18, 1919, by the drilling of the three (3) additional wells, as above provided; and if the said wells are not drilled as above provided for, then the rental shall continue until the termination of said lease, or cancellation thereof, and unless said wells are drilled, or rentals paid, as provided, this lease shall become null and void at the option of the first parties; otherwise to remain in full force and effect."

The first three wells were not drilled before February 18, 1918, but were completed on the following dates: No. 1, December 1, 1917; No. 2, August 13, 1918; No. 3, April 1, 1919.

The three additional wells were not drilled before February 18, 1919, but were completed on the following dates: No. 4, December 23, 1919; No. 5, January 26, 1920; No. 6, March 26, 1920.

Three wells not having been completed before February 18, 1918, rent was paid for that year. Three additional wells not having been drilled before February 18, 1919, rent was paid for that year. Rent was also paid for the year ending February 18, 1920, but. not for subsequent years.

Defendants say the first paragraph of the quoted portion of the lease clearly provides for drilling a definite number of wells within definite times, and for rental in case the wells should not be drilled. Continuing, defendants say:

"The wells were not completed in time, and the rentals were paid. That clause was fully complied with. The next division reads: 'It being understood and agreed between the parties hereunto that the said rental may be abated for the year ending February 18, 1918, by the completion of three (3) wells, as aforesaid, and abated for the year ending February 18, 1919, by the drilling of the three (3) additional wells, as above provided.'

"The wells were not drilled within the time stated, and the rental was paid, and this clause fully spent its force.

"The next division: 'If said wells are not drilled as above provided for, then the rentals shall continue until the termination of said lease, or cancellation thereof, and unless said wells are drilled, or rentals paid, as provided, this lease shall become null and void at the option of the first parties, otherwise to remain in full force and effect.'

"This clause never had effect, for the reason that the wells provided were drilled. The rentals provided were paid.

"The phrase 'as above provided for' in the division (c) must have reference to the actual drilling of six (6) wells which the lease provides for, and had no reference to time, since the breach as to time is provided for and made condition of the payment of rental by the earlier clause in the lease, division (a) and (b) above. Failure to drill wells at all, or to drill six wells, would give effect to this clause and then the rentals would run until the termination of the lease or completion of the wells."

The court is unable to concur in this interpretation of the lease. Rent for the year ending February 18, 1918, could be abated, not by drilling three wells, but by drilling three wells on or before that date. Rent for the year ending February 18, 1919, could be abated, not by drilling three additional wells, but by drilling three addition wells on or before that date. There is no specific provision for rent for the year ending February 18, 1920, as for the two preceding years. The provision is general. If wells are not drilled "as above provided," then rental shall continue. Continue how long? The lease says until its termination, not until six wells have been drilled; and there is no provision for abatement of rent accruing after February 18, 1919, by procrastinated drilling of wells.

If the lease had been framed to read, "and if the wells above provided for are not drilled, then the rental shall continue," there would be ground for defendants' contention that continuation of rent depended on number of wells drilled. The lease was framed, however, to insure drilling of three wells in one year and drilling of three additional wells in the next year, and the words "as above provided" refer just as much to time limitation as to number of wells.

The judgment of the district court is affirmed.